Edwin Bradley, SBN 141932
Attorney At Law
Bradley & Pedersen
50 California Street, Suite 3500
San Francisco, CA 94111
(415) 434-3101

Attorney For Plaintiff:
Olivier Vialaneix

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OLIVIER VIALANEIX,

        Plaintiff,

-vs-

ACTIMAGINE , INC., a corporation; GRP PARTNERS, INC., a business entity, form unknown; DOES ONE through TWENTY, inclusive,

        Defendants.

No.

**COMPLAINT FOR DAMAGES:** **EMC**

BREACH OF EMPLOYMENT AGREEMENT; UNLAWFUL NATIONAL ORIGIN DISCRIMINATION; WRONGFUL INTERFERENCE WITH CONTRACTUAL ADVANTAGE.

Plaintiff Alleges against these Defendants as follows:

1. Plaintiff at all times herein mentioned was a resident of the State of California and is presently a citizen and resident of the country of France and is domiciled within France.

2. Defendant ACTIMAGINE, INC. (hereinafter ACTIMAGINE) is, and at all times herein mentioned was, a corporation authorized to do business and doing business within the State of California and having its principal place of business in Redwood City, California, County of San Mateo. GRP Partners is a business entity, form unknown, with principal place of business in the City of Los Angeles, California.

COMPLAINT FOR MONEY                                                                            1

3. The acts of discrimination complained of within were committed in substantial part within the county of San Mateo, and Plaintiff would have performed or continued to perform work in the employ of defendant Actimagine within the County of San Mateo but for the discriminatory actions complained of herein. Plaintiff is citizen of a foreign state and is domiciled in France. Defendants are citizens of the United States. There is complete diversity of citizenship between the parties and the amount in Controversy in this action exceeds $75,000.00. Plaintiff seeks redress of claims based on diversity jurisdiction and seeks redress of state law claims pursuant to the court's pendent jurisdiction of such claims. Jurisdiction and venue are proper with this court.

4. Plaintiff sues DOES ONE through TWENTY, inclusive, and each of them, by this fictitious designation because their true names and capacities and basis for liability are presently unknown to Plaintiff. Plaintiff will amend this Complaint with the true names of such defendants as soon as they are known to him. Plaintiff alleges that each defendant is liable for the actions of the other defendants on the grounds of agency, employment or the doctrine of *respondeat superior* unless otherwise stated herein.

5. Plaintiff is a native of France and a French national by birth. At all times relevant to this action, Plaintiff was a legal resident of the State of California and was subject to the protections of state and federal statutes that prohibit discrimination against persons based upon national origin.

6. Plaintiff has filed a timely charge of discrimination with the California Department of Fair Employment and Housing. Said administrative agency has issued Plaintiff a "right-to-sue letter" which bears the date August 23, 2007. Plaintiff has exhausted his administrative remedies and this suit is timely filed.

**FIRST CLAIM FOR RELIEF**
**BREACH OF AGREEMENT**
**(AGAINST ACTIMAGINE, INC.,**
**& DOES 1-10, INCLUSIVE)**

7. On or around June 11, 2007, and after several weeks of negotiations, Plaintiff Vialaneix and Defendant Actimagine entered an agreement that was partly written and partly oral. This agreement established the terms and conditions of Plaintiff's employment as Chief Financial Officer for Actimagine, Inc. Among other matters, the parties agreed between themselves as to the duties Plaintiff would perform, Plaintiff's position within the company, Plaintiff's compensation, and specific terms under which Defendant could terminate Plaintiff's employment without cause.

8. The parties each through their words and actions expressed their assent to these terms of the employment agreement and based on such expressed assent and agreement, on or around June 11, 2007, at the specific instance and request of Actimagine, Plaintiff commenced work for Defendant Actimagine and publicly acted as Actimagine's Chief Financial Officer. On numerous occasions and various instances, Actimagine introduced Plaintiff to third parties with whom defendant had conducted business as Actimagine's "new Chief Financial Officer." Additionally, defendants notified the California Secretary of State that Olivier Vialaneix was the company's Chief Financial Officer and registered Agent for Service of Process.

9. On or around June 14, 2007 Defendant Actimagine terminated Plaintiff's employment. Actimagine did not have good cause to terminate Plaintiff's employment and has never claimed to have good cause to have so acted and did not and does not in fact have such good cause for such termination.

10. The specific terms and conditions agreed upon by Actimagine and Plaintiff Vialaneix permitted Actimagine to terminate employment without good cause. As agreed by the parties, prior to the commencement of employment, in such cases where Actimagine chose to terminate Plaintiff's employment without good cause, Actimagine is obligated by agreement to make certain payments to Vialaneix as agreed between them. In addition to these payments, Defendant Actimagine has failed to pay Plaintiff earned salary for the number of days during which he performed work as the Chief Financial Officer of Actimagine, Inc., in violation of California Labor Code Section 201, *et seq.*

11. Defendant Actimagine has not made such payments as required by the parties' agreement. Vialaneix has requested that Actimagine make such payments which Actimagine has

refused to do without justification or legal right. Accordingly, Actimagine is in breach of its agreement with Vialaneix and in violation of the State Labor Code.

12. As a direct and consequential result of said breach by Actimagine, Plaintiff has suffered special damages as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against Actimagine as set forth more fully below.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL NATIONAL ORIGIN DISCRIMINATION
## (AGAINST ACTIMAGINE, INC.,
## & DOES 1-10, INCLUSIVE)

13. Plaintiff incorporates by this reference each and every allegation contained within paragraphs first through twelfth, above, as if fully set forth herein.

14. When defendant Actimagine informed Plaintiff that it would terminate his employment, defendant offered as a reason for doing so that it wanted to have "an American Chief Financial Officer", instead of the French Chief Financial Officer that it had hired pursuant to the agreement alleged herein and for various reasons known to Defendant.

15. Defendant's decision to terminate Plaintiff in order to replace him with "an American Chief Financial Officer" constitutes *prima facie* evidence of an unlawful discriminatory motive for its decision to terminate Plaintiff's employment.

16. As a direct and consequential result of Defendant's actions, Plaintiff has suffered unlawful national origin discrimination. As a direct and consequential result of said unlawful discrimination, Plaintiff has suffered special damages including loss of back pay, loss of front pay, loss of various agreed-upon and anticipated fringe benefits of employment all according to proof at trial.

17. As a direct and consequential result of Defendant's actions, Plaintiff has suffered unlawful national origin discrimination. As a direct and consequential result of said unlawful discrimination, Plaintiff has suffered general damages in the form of emotional distress including anger, embarrassment, uncertainty, humiliation and hurt feelings, all to a degree and extent ordinarily associated with such unlawful conduct and without continuing damage. Plaintiff seeks

compensation for such damages according to proof at trial.

18. These unlawfully discriminatory actions were ratified and approved beforehand by officers and directors and managing agents of the defendant corporation including its Chief Executive Officer and Chief Operating Officer as well as members of defendant Actimagine's governing board of directors. As such, defendant Actimagine acted with conscious disregard of plaintiff's rights and with malice and oppression. By such conduct, defendant's actions are subject to an award of exemplary or punitive damages at the discretion of the finder of fact and the Court.

WHEREFORE, Plaintiff seeks judgment against Defendant Actimagine as more fully set forth below.

### THIRD CLAIM FOR RELIEF
### WRONGFUL INTERFERENCE WITH CONTRACT
### (AGAINST GRP PARTNERS, a business entity, form unknown)
### & DOES 1-10, INCLUSIVE)

19. Plaintiff incorporates by this reference each and every allegation contained within paragraphs first through eighteenth, above, as if fully set forth herein.

20. Defendant GRP Partners, (hereinafter GRP) at all times mentioned herein was a separate and distinct entity from Defendant Actimagine and had a close business relationship with Defendant Actimagine. This relationship involved a close degree of communication and trust and unity of interests occasioned by GRP's active investment and other financial involvement in the business affairs of Actimagine.

21. As a result of this relationship, GRP had actual and constructive knowledge of the employment agreement between Plaintiff and Actimagine. On at least one occasion, representatives of GRP met with Plaintiff Vialaneix in his capacity, and while he was employed, as Chief Financial Officer of Actimagine, Inc.

22. In furtherance of its own perceived benefit and self-interest, and motivated in substantial part by its own perceived self-interest, GRP formulated the intention to cause Actimagine to breach or otherwise disrupt or interfere with the employment agreement between Plaintiff Vialaneix and Defendant Actimagine. GRP acted on this intention and for its own

perceived benefit by directing, requiring, insisting, and by means of implied threats to Actimagine's future well-being, among other means, causing Actimagine to removing Plaintiff from the position that he then occupied as the newly-hired Chief Financial Officer of Actimagine in order to make room for "an American Chief Financial Officer" who was more to GRP's liking and preference than "the French Chief Financial Officer" that was Olivier Vialaneix.

23. As a direct and consequential result of the above-alleged requirements, insistence, and implied threats to Actimagine's future well-being, among other means used by GRP, Actimagine complied with GRP's wishes by informing Plaintiff that his services were no longer needed as Chief Financial Officer. Upon terminating Plaintiff's employment, Actimagine, through its agent and officer, informed Plaintiff that it was doing so at the direction of GRP and because GRP expressed a strong preference to have "an American Chief Financial Officer." Actimagine's representative implied to Vialaneix that GRP's financial leverage against Actimagine in some part caused Actimagine to comply with GRP's directive to terminate Vialaneix.

24. These actions by GRP constitute wrongful interference with Plaintiff's contractual relations with Actimagine.

25. As a direct and consequential result of these actions by GRP, among other actions, Plaintiff has suffered special damages in the form of lost back pay, lost front pay, and various benefits of employment, according to proof at trial.

26. As a direct and consequential result of these actions by GRP, among other actions, Plaintiff has suffered general damages in the form of emotional distress including anger, embarrassment, uncertainty, humiliation and hurt feelings, all to a degree and extent ordinarily associated with such unlawful conduct and without continuing damage. Plaintiff seeks compensation for such damages according to proof at trial.

27. This wrongful interference with Plaintiff's contractual relations were known of and approved beforehand by partners and directors and managing agents of defendant GRP including members of defendant GRP's governing board of directors. As such, defendant GRP acted with conscious disregard of Plaintiff's rights and with malice and oppression toward him. By such

conduct, defendant's actions are subject to an award of exemplary or punitive damages at the discretion of the finder of fact and the Court.

WHEREFORE, Plaintiff seeks judgment against Defendants Actimagine and GRP Partners, and DOES One through Twenty, and each of them as follows:

1. Against Actimagine, Inc. and GRP Parnters, each of them, for special damages according to proof at trial;

2. Against Actimagine, Inc. and GRP Partners, each of them, for general damages according to proof at trial;

3. Against Actimagine, Inc. and GRP Partners, each of them, for exemplary and punitive damages in an amount deemed proper by the Court;

4. Against Actimagine, Inc. for an Order of the court re-instating Plaintiff to the position of Chief Financial Officer of Actimagine and enjoining Defendant Actimagine from any further such employment practices;

5 Against Actimagine, Inc. for attorneys' fees pursuant to statutes;

6. Against Actimagine and GRP Partners, each of them, for costs of suit incurred herein, and;

7. For such other and further relief as deemed proper by the court.

DATED: January 22, 2008

*Edwin Bradley*
Edwin Bradley
Attorney for Plaintiff
Olivier Vialaneix

REQUEST FOR JURY TRIAL

Plaintiff Olivier Vialaneix does hereby request that this matter be set for trial before a jury.

DATED: January 22, 2008

*Edwin Bradley*
Edwin Bradley
Attorney for Plaintiff
Olivier Vialaneix

COMPLAINT FOR DAMAGES WITH REQUEST FOR TRIAL BY JURY.    7