1  ROBERT A. DOLINKO, CA BAR NO. 076256
   radolinko@thelen.com
2  ELLEN M. PAPADAKIS, CA BAR NO. 186621
   empapadakis@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
4  San Francisco, California 94105-3606
   Telephone:  (415) 371-1200
5  Facsimile:  (415) 371-1211

6  Attorneys for Defendant
   GRP II LP

7

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

   OLIVIER VIALANEIX,                        Case No.:  CV 08-0497 EMC
12
                    Plaintiff,
13                                            **DEFENDANT GRP II LP'S ANSWER**
          vs.                                 **TO COMPLAINT**
14
   ACTIMAGINE, INC., a corporation, GRP       **DEMAND FOR JURY TRIAL**
15 PARTNERS, INC., a business entity, form
   unknown; DOES ONE through TWENTY,
16 inclusive,

17               Defendants.

18

19        Comes now Defendant GRP II LP (hereinafter "Defendant"), sued erroneously as GRP

20 PARTNERS, INC. or GRP PARTNERS, in answer to Plaintiff's Complaint for Damages, states

21 and alleges as follows:

22

23        1.     Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information

24 and belief to enable it to respond to the allegations contained within Paragraph 1, and therefore

25 denies each and every allegation contained therein.

26        2.     Answering Paragraph 2 of the Complaint, Defendant admits that Actimagine Corp.

27 (erroneously sued as Actimagine, Inc.) ("Actimagine") is a corporation authorized to do business

28 and doing business in the State of California with its principal place of business in Redwood City,

1  and that GRP II LP is a business entity with its principal place of business in Los Angeles,

2  California.  Except as so admitted, the allegations contained therein are denied.

3        3.      Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a

4  citizen of a foreign state (i.e., country), that Defendants are citizens of the United States, that there

5  is complete diversity of citizenship, that the amount in controversy is in excess of $75,000, and

6  that jurisdiction and venue are proper in this Court.  Except as so admitted, the allegations

7  contained therein are denied.

8        4.      Answering Paragraph 4 of the Complaint, the allegations contained therein are

9  denied.

10        5.      Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information

11  and belief to enable it to respond to the allegations contained within Paragraph 5, and therefore

12  denies each and every remaining allegation of that paragraph.

13        6.      Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information

14  and belief to enable it to respond to the allegations contained within Paragraph 6, and therefore

15  denies each and every allegation contained therein.

16        7.      Answering Paragraph 7 of the Complaint, the allegations contained therein are

17  denied.

18        8.      Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information

19  and belief to enable it to respond to the allegations contained within Paragraph 8, and therefore

20  denies each and every allegation contained therein.

21        9.      Answering Paragraph 9 of the Complaint, the allegations contained therein are

22  denied.

23        10.     Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information

24  and belief to enable it to respond to the allegations contained within Paragraph 10, and therefore

25  denies each and every allegation contained therein.

26        11.     Answering Paragraph 11 of the Complaint, Defendant lacks sufficient information

27  and belief to enable it to respond to the allegations contained within Paragraph 11, and therefore

28  denies each and every allegation contained therein.

ANSWER TO COMPLAINT

12.     Answering Paragraph 12 of the Complaint, the allegations contained therein are denied.

13.     Answering Paragraph 13 of the Complaint, Defendant incorporates by reference paragraphs 1 through 12 of this Answer as though set forth in full.

14.     Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 14, and therefore denies each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, the allegations contained therein are denied.

16.     Answering Paragraph 16 of the Complaint, the allegations contained therein are denied.

17.     Answering Paragraph 17 of the Complaint, the allegations contained therein are denied.

18.     Answering Paragraph 18 of the Complaint, the allegations contained therein are denied.

19.     Answering Paragraph 19 of the Complaint, Defendant incorporates by reference paragraphs 1 through 18 of this Answer as though set forth in full.

20.     Answering paragraph 20 of the Complaint, Defendant admits it has made a relatively substantial investment in Actimagine, that it is separate and distinct from Actimagine, that two Actimagine Board members were selected by GRP II LP, and that there is some communication between those Board members and Actimagine.  Except as so admitted, Defendant denies each and every remaining allegation of that paragraph.  Defendant also objects to the term "unity of interest" which it finds vague and ambiguous.

21.     Answering Paragraph 21 of the Complaint, the allegations contained therein are denied.

22.     Answering Paragraph 22 of the Complaint, the allegations contained therein are denied.

23. Answering Paragraph 23 of the Complaint, the allegations contained therein are denied.

24. Answering Paragraph 24 of the Complaint, the allegations contained therein are denied.

25. Answering Paragraph 25 of the Complaint, the allegations contained therein are denied.

26. Answering Paragraph 26 of the Complaint, the allegations contained therein are denied.

27. Answering Paragraph 27 of the Complaint, the allegations contained therein are denied.

28. Answering Plaintiff's unnumbered "WHEREFORE" prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to a claim upon which relief against Defendant can be granted.

**SECOND AFFIRMATIVE DEFENSE**

While Defendant denies Actimagine employed Plaintiff, if it is somehow concluded that Plaintiff was employed by Actimagine, Plaintiff's employment was terminable-at will consistent with Section 2922 of the California Labor Code.

**THIRD AFFIRMATIVE DEFENSE**

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was privileged under Cal. Civ. Code Section 47(c).

**FOURTH AFFIRMATIVE DEFENSE**

To whatever extent Plaintiff allegedly is subject to an employment agreement with Actimagine, Plaintiff has failed to perform his obligations thereunder.

**FIFTH AFFIRMATIVE DEFENSE**

Any actions Actimagine or Defendant undertook that are the subject of the complaint were justified and that the Plaintiff's complaint is therefore barred.

**SIXTH AFFIRMATIVE DEFENSE**

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was reasonably and properly based on legitimate business reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by the doctrines of waiver, unclean hands and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by Plaintiff's failure to invoke and/or exhaust administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the U.S. and California Constitutions.

///

///

///

///

///

1  WHEREFORE, Defendant prays for the following relief:

2        1.      That Plaintiff's Complaint be dismissed in its entirety;

3        2.      For attorneys' fees, costs of suit herein; and

4        3.      For such other and further relief as the court deems just and proper.

5  Dated:  February 29, 2008

6                                          THELEN REID BROWN RAYSMAN & STEINER LLP

7

                                    By      /s/ Robert A. Dolinko, Esquire
8                                           Robert A. Dolinko
                                            Ellen M. Papadakis
9                                           Attorneys for Defendant
                                            GRP II LP
10

11  WHEREFORE, Defendant prays for the following relief:

12        1.      That Plaintiff's Complaint be dismissed in its entirety;

13        2.      For attorneys' fees, costs of suit herein; and

14        3.      For such other and further relief as the court deems just and proper.

15  Dated:  February 29, 2008

16                                         THELEN REID BROWN RAYSMAN & STEINER LLP

17

                                    By      /s/ Robert A. Dolinko, Esquire
18                                          Robert A. Dolinko
                                            Ellen M. Papadakis
19                                          Attorneys for Defendant
                                            GRP II LP
20

21        Defendant hereby demands trial by jury.

22  Dated:  February 29, 2008

23                                         THELEN REID BROWN RAYSMAN & STEINER LLP

24

                                    By      /s/ Robert A. Dolinko, Esquire
25                                          Robert A. Dolinko
                                            Ellen M. Papadakis
26                                          Attorneys for Defendant
                                            GRP II LP
27

28

SF #1434866 v1                              -6-
ANSWER TO COMPLAINT