ROBERT A. DOLINKO, CA BAR NO. 076256
radolinko@thelen.com
ELLEN M. PAPADAKIS, CA BAR NO. 186621
empapadakis@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3606
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendant
ACTIMAGINE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIER VIALANEIX,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ACTIMAGINE, INC., a corporation, GRP PARTNERS, INC., a business entity, form unknown; DOES ONE through TWENTY, inclusive,<br><br>　　　　　Defendants. | Case No.: CV 08-0497 EMC<br><br>**DEFENDANT ACTIMAGINE CORPORATION'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Defendant ACTIMAGINE CORPORATION (hereinafter "Actimagine" or "Defendant") sued erroneously as Actimagine, Inc. and, in answer to Plaintiff's Complaint for Damages, states and alleges as follows:

　　　　1.　　Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 1, and therefore denies each and every allegation contained therein.

　　　　2.　　Answering Paragraph 2 of the Complaint, Defendant admits that Actimagine is a corporation authorized to do business and doing business in the State of California, and that GRP II LP (erroneously sued as GRP Partners) is a business entity with its principal place of

business in Los Angeles, California. Except as so admitted, the allegations contained therein are denied.

      3.    Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a citizen of a foreign state (i.e., country), that Defendants are citizens of the United States, that there is complete diversity of citizenship, that the amount in controversy is in excess of $75,000, and that jurisdiction and venue are proper in this Court. Except as so admitted, the allegations contained therein are denied.

      4.    Answering Paragraph 4 of the Complaint, the allegations contained therein are denied.

      5.    Answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff is a native of France and a French national by birth. Except as so admitted, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 5, and therefore denies each and every remaining allegation of that paragraph.

      6.    Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 6, and therefore denies each and every allegation contained therein.

      7.    Answering Paragraph 7 of the Complaint, the allegations contained therein are denied.

      8.    Answering Paragraph 8 of the Complaint, the allegations contained therein are denied.

      9.    Answering Paragraph 9 of the Complaint, the allegations contained therein are denied. Further, Defendant avers that it never hired Plaintiff subject to the contract he describes and that it informed him on or about June 14, 2007 that it would not employ him as its Chief Financial Officer.

      10.    Answering Paragraph 10 of the Complaint, the allegations contained therein are denied.

      11.    Answering Paragraph 11 of the Complaint, the allegations contained therein are denied.

1  12. Answering Paragraph 12 of the Complaint, the allegations contained therein are
2  denied.

3  13. Answering Paragraph 13 of the Complaint, Defendant incorporates by reference
4  paragraphs 1 through 12 of this Answer as though set forth in full.

5  14. Answering Paragraph 14 of the Complaint, the allegations contained therein are
6  denied.

7  15. Answering Paragraph 15 of the Complaint, the allegations contained therein are
8  denied.

9  16. Answering Paragraph 16 of the Complaint, the allegations contained therein are
10 denied.

11 17. Answering Paragraph 17 of the Complaint, the allegations contained therein are
12 denied.

13 18. Answering Paragraph 18 of the Complaint, the allegations contained therein are
14 denied.

15 19. Answering Paragraph 19 of the Complaint, Defendant incorporates by reference
16 paragraphs 1 through 18 of this Answer as though set forth in full.

17 20. Answering paragraph 20 of the Complaint, Defendant admits that an investment
18 entity known as GRP II LP was separate and distinct from Actimagine, has a close business
19 relationship with Actimagine, involved a close degree of communication and trust, and has a
20 financial interest in Actimagine.  Except as so admitted, Defendant denies each and every
21 remaining allegation of that paragraph

22 21. Answering Paragraph 21 of the Complaint, the allegations contained therein are
23 denied.

24 22. Answering Paragraph 22 of the Complaint, the allegations contained therein are
25 denied.

26 23. Answering Paragraph 23 of the Complaint, the allegations contained therein are
27 denied.

28

1   24. Answering Paragraph 24 of the Complaint, the allegations contained therein are denied.

2   25. Answering Paragraph 25 of the Complaint, the allegations contained therein are denied.

3   26. Answering Paragraph 26 of the Complaint, the allegations contained therein are denied.

4   27. Answering Paragraph 27 of the Complaint, the allegations contained therein are denied.

5   28. Answering Plaintiff's unnumbered "WHEREFORE" prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

While Defendant denies it employed Plaintiff, if it is somehow concluded that Plaintiff was employed by Defendant, Plaintiff's employment was terminable-at-will pursuant to Section 2922 of the California Labor Code.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every claim alleged therein, is barred because venue in the Northern District of California is improper.

### FOURTH AFFIRMATIVE DEFENSE

To whatever extent Plaintiff allegedly is subject to an employment agreement with Defendant, Plaintiff has failed to perform his obligations thereunder.

### FIFTH AFFIRMATIVE DEFENSE

Any actions Defendant undertook that are the subject of the complaint were justified and that the Plaintiff's complaint is therefore barred.

### SIXTH AFFIRMATIVE DEFENSE

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was reasonably and properly based on legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by the doctrines of waiver, unclean hands and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by Plaintiff's failure to invoke and/or exhaust administrative and/or contractual remedies (if any contract between the parties is deemed to exist).

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the U.S. and California Constitutions.

//
//
//
//
//
//
//

1  WHEREFORE, Defendant prays for the following relief:

2      1.    That Plaintiff's Complaint be dismissed in its entirety;

3      2.    For attorneys' fees, costs of suit herein; and

4      3.    For such other and further relief as the court deems just and proper.

5  Dated: March 25, 2008

                      THELEN REID BROWN RAYSMAN & STEINER LLP

                      By    /s/ Robert A. Dolinko
                              Robert A. Dolinko
                              Ellen M. Papadakis
                              Attorneys for Defendant
                              ACTIMAGINE CORPORATION

12      Defendant hereby demands trial by jury.

13  Dated: March 25, 2008

                      THELEN REID BROWN RAYSMAN & STEINER LLP

                      By    /s/ Robert A. Dolinko
                              Robert A. Dolinko
                              Ellen M. Papadakis
                              Attorneys for Defendant
                              ACTIMAGINE CORPORATION