1  Edwin L. Bradley II (SB # 141932,)
2  BRADLEY & PEDERSEN
   50 California Street, Suite 3500
3  San Francisco, CA 94111
   Telephone: (415) 434 3101
4  Facsimile: (415) 434 6336
   edbradlawyer@yahoo.com
5  Attorneys for Plaintiff Olivier Vialaneix

6

7  Robert A. Dolinko  (SB #076256)
   Ellen M. Papadakis (SB #186621)
8  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, 18th Floor
9  San Francisco, CA 94105
   Telephone: (415) 371-1200
10 Facsimile: (415) 371-1211
   radolinko@thelen.com
11 empapadakis@thelen.com
12 Attorneys for Defendants
   Actimagine Corp. and GRP II L.P.
13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18 OLIVIER VIALANEIX,                  Case No. CV 08- 00497 MHP

19          Plaintiff,                 **JOINT CASE MANAGEMENT
                                        STATEMENT AND [PROPOSED] CASE
20     v.                              MANAGEMENT ORDER.**

21 ACTIMAGINE, INC.; GRP PARTNERS,     **Judge:        Hon. Marilyn Hall Patel**
   and DOES ONE through TEN, inclusive, **Date:         June 23, 2008**
22                                     **Time:         4:00 p.m.**
            Defendant.                 **Courtroom:     15**
23

24
        Pursuant to the "Standing Order for All Judges of the Northern District of California,"
25
   issued March 1, 2007, the parties to the above-entitled action, Plaintiff Olivier Vialaneix
26
   ("Plaintiff"), and Defendants Actimagine Corp. ("Actimagine") and GRP II, L.P. ("GRP")
27
   (collectively, "Defendants") submit this Joint Case Management Statement and Proposed Case
28

1   Management Order and request the Court to adopt it as the Case Management Order in this case,

2   pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

3          1.      Jurisdiction and Service:

4          This Court has jurisdiction over the above-entitled civil action pursuant to 28 U.S.C.

5   § 1332 because there is complete diversity of citizenship between the parties and the amount in

6   controversy exceeds $75,000, exclusive of interest and costs.  No issues exist regarding personal

7   jurisdiction, and no parties remain to be served.  GRP, based in southern California, disputes that

8   venue is proper as to the claim against it.

9          2.      Facts:

10          **Plaintiff's factual contentions:**

11          In approximately April 2007, Defendant Actimagine contacted Plaintiff and invited him to

12   apply for the position of Chief Financial Officer for Actimagine Corp., located in Redwood City,

13   California.  Plaintiff and Actimagine entered into negotiations over a written employment

14   agreement and exchanged revisions to the document on several occasions.  On approximately

15   June 11, 2007, the parties reached a meeting of the minds as to the remaining unresolved terms

16   relating of plaintiff's employment agreement having to do with stock options and what to do in

17   case of termination without cause.  The parties expressed their assent to final terms and

18   Mr. Vialaneix offered to sign the final employment agreement.  Actimagine neglected to attach

19   the final writing of the agreement to that email.  At defendant's request, Plaintiff reporting for

20   work as CFO later that day.

21          Mr. Vialaneix performed various tasks as Actimagine's Chief Financial Officer including

22   review and analysis of the company's financial plan.  Defendants introduced Plaintiff as

23   "Actimagine's new CFO" to its office landlord and to the company's bankers, among others.

24   Plaintiff performed the duties of Actimagine CFO until approximately June 14, 2007 when

25   Plaintiff contends that Antonio Cavaliere, Actimagine's Chief Operating Officer contacted him

26   and confessed that the company had an "embarrassing problem."  According to Plaintiff,

27   Mr. Cavaliere informed him that Actimagine's venture capital partner (Defendant GRP II, LP)

28   told Actimagine that the investors preferred that Actimagine hire "an American CFO."  Plaintiff

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-2-

1   preferred to have "an American" CFO.  Plaintiff contends that Mr. Cavaliere told him that

2   Actimagine had no choice but to terminate its employment relationship with the Plaintiff.

3   Actimagine immediately prepared a "release of all claims" and a further writing aimed at having

4   Mr. Vialaneix continue performing his CFO services for Actimagine on a "consulting" basis until

5   the company could replace him.   Actimagine's offer of the CFO position on a consulting basis

6   was conditioned upon Mr. Vialaneix signing the release of all claims.  Plaintiff agreed to work as

7   a consulting CFO for Actimagine but refused to sign a release whereupon Actimagine severed

8   contacts with the Plaintiff.

9          **Defendants' factual contentions:**

10         Defendants dispute that Plaintiff ever entered into a binding employment contract with

11  Actimagine to be its CFO.  The parties' negotiations at all times contemplated the execution of a

12  *written* employment agreement to establish the terms of the employment relationship.  It is

13  undisputed that no such writing was ever executed.  In addition, Actimagine expressly advised

14  Plaintiff that his hiring was subject to the review and satisfactory feedback of members of

15  Actimagine's Board of Directors.  That precondition also was never satisfied.

16         Defendants further deny that the decision not to hire Plaintiff was motivated by any

17  discriminatory animus against Plaintiff's French national origin, or that GRP tortiously interfered

18  with Plaintiff's economic relationship with Actimagine.  Actimagine's decision, rather, was based

19  upon legitimate, non-discriminatory reasons such as Plaintiff's lack of relevant experience as a

20  CFO of a start-up company, his lack of an accounting background, his minimal experience in

21  raising money from investors, and his lack of direct involvement in any IPO process within a

22  start-up company.  To the extent anyone associated with GRP provided input into Plaintiff's

23  suitability for the CFO position, moreover, they did so solely in their capacity as members of

24  Actimagine's Board.

25         Factual Issues in Dispute:

26         **Plaintiff:**

27         a.     Was Actimagine substantially motivated by considerations of Mr. Vialaneix's

28  national origin when it terminated his employment?

**b.**     Was Actimagine aware of its liability to Mr. Vialaneix under the unsigned employment agreement when it offered to employ as a consultant CFO only if he agreed to

**Defendants:**

a.     Did the parties understand that Plaintiff's employment contract was to be reduced to a signed writing?

b.     Was Plaintiff's hiring conditioned upon the satisfactory input of Actimagine's Board of Directors?

c.     Was Actimagine's decision not to hire Plaintiff (or, *arguendo*, to terminate Plaintiff's alleged employment) based upon legitimate, nondiscriminatory reasons?

d.     Were Actimagine's Board members acting in their capacity as such when they provided input as to Plaintiff's suitability as CFO?

e.     Were Actimagine's Board members acting in Actimagine's interest when they provided input as to Plaintiff's suitability as CFO?

f.     What are Plaintiff's damages?

3.     <u>Legal Issues</u>:

**Plaintiff:**

a.     Did Actimagine waive any right it had to arbitrate Plaintiff's claims by failing to assert such rights when it elected to answer the complaint?

b.     Did Actimagine engage in unlawful national origin discrimination when it terminated Plaintiff's employment after learning that its investors preferred not to have a French national serve as the company Chief Financial Officer?

c.     Did GRP intentionally interfere with Plaintiff's contractual relations with Actimagine when it urged Actimagine to replace Plaintiff with an American employee?

d.     Are GRP's actions and communications with Actimagine protected by any applicable privilege?

e.     Is defendant Actimagine in violation of the California Labor Code for failing to pay Vialaneix for the days that he reported to work and performed duties as CFO.

Bradley & Pedersen
Attorneys At Law

1  **Defendants:**

2      a.      Is venue in the Northern District of California proper against GRP?

3      b.      Does the convenience of the parties and witnesses warrant a transfer of venue to

4  the Southern District of California pursuant to 28 U.S.C. § 1404(a)?

5      c.      Did Plaintiff and Actimagine enter into a binding employment contract?

6      d.      If so, what were the terms of the contract and were they breached?

7      e.      If a contract is determined to exist, are Plaintiff's claims subject to arbitration?

8      f.      Did Actimagine discriminate against Plaintiff on the basis of his national origin?

9      g.      Has Plaintiff mitigated his alleged damages?

10      h.      Did GRP intentionally induce the breach or disruption of a valid contract between

11  Plaintiff and Actimagine?

12      i.      Can GRP be held liable for acts allegedly committed by persons in their capacity

13  as members of Actimagine's Board of Directors?

14      j.      Was the conduct of Actimagine's Board members legally protected under the

15  agent's/manager's privilege or any other privilege?

16      k.      Did any Defendant act with oppression, fraud, or malice toward Plaintiff?

17      4.      Motions:

18      There are no pending motions in this action.  Defendants anticipate bringing motions for

19  summary judgment or partial summary judgment.  Defendants further anticipate bringing a

20  motion to change venue pursuant to 28 U.S.C. § 1404(a) and/or 1406.  In addition, Defendants

21  expect to move to bifurcate the issue of punitive damages.

22      5.      Amendment of Pleadings:

23      No parties, claims, or defenses are expected to be added or dismissed.  Plaintiff anticipates

24  amending his complaint to name each party with its correct legal appellation:  Actimagine Corp.

25  and GRP II, LP.

26      6.      Evidence Preservation:

27      Plaintiff has obtained and disclosed hard copies of all relevant email communications in

28  this case.  Defendants have likewise preserved all electronically-stored information relevant to the

1  issues reasonably evident in this action.  To the extent requested in discovery and not privileged

2  or confidential business information, such documents have been produced in hardcopy.

3       7.     <u>Disclosures</u>:

4       The parties timely made initial disclosures.  Each party identified relevant witnesses likely

5  to have discoverable information and the subjects thereof.  In addition, Plaintiff provided copies

6  of all relevant documents to Defendants.  Defendants instead designated categories of documents

7  pursuant to Rule 26(a)(1)(A)(ii), relating to the negotiation of Plaintiff's alleged and unsigned

8  employment agreement and the decision not to proceed forward with Plaintiff's hiring.

9       8.     <u>Discovery</u>:

10       Plaintiff has served, and Actimagine has responded to, an initial request for production of

11  documents.  Defendants anticipate serving written discovery requests within the next 30 days, and

12  the parties are cooperating to schedule depositions.

13       **Proposed Discovery Plan pursuant to Rule 26(f):**

14       The parties agree to conduct pretrial discovery, including expert discovery in accordance

15  with the limits set forth in the Federal Rules of Civil Procedure and the United States District

16  Court for the Northern District of California Civil Local Rules.

17       9.     <u>Class Actions</u>:

18       Not applicable.

19       10.     <u>Related Cases</u>:

20       None.

21       11.     <u>Relief</u>:

22       a.     Plaintiff seeks contractual damages as set forth in the agreement reached between

23  the parties prior to termination.  Section 2.2 of the Agreement provides for a "sign-on" bonus of

24  $20,000.00 for accepting the offer of employment; Section 5.1 (d) of the employment agreement

25  permits Actimagine to terminate Mr. Vialaneix without good cause upon 60-days' written notice.

26  By agreement, Actimagine was required to either permit work during the notice period, or, to pay

27  Olivier's salary in-lieu of notice.  Mr. Vialaneix contends that payment of salary for the 60-day

28  period is the minimum requirement under the agreement.  That sum equals $31,666.00, based on

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-6-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. CV 08-00497 MHP

the agreed salary of $190,000.00 per year.  Section 5.6 of the Agreement expressly obligates Actimagine to make severance payments at the rate of his base salary to Mr. Vialaneix for a period of six months after termination without cause.  This amounts to approximately $95,000.00. Actimagine is in violation of the California Labor Code for having failed to pay Mr. Vialaneix for the four days that he did work between June 11 and June 14.  Calculated to a daily rate of approximately $731.00, Actimagine owes Olivier $2,923.00 for the four days that he provided services as CFO.  The State labor code provides for accruing penalties against any employer who fails to pay all compensation due to an employee upon discharge or lay off.

      b.      Plaintiff also seeks consequential damages in the form of lost income (back pay and front pay) arising out of the unlawful discrimination and interference with his contract. Plaintiff seeks exemplary damages from each defendant for conscious disregard of Plaintiff's rights in his employment and under his agreement.  Plaintiff seeks attorneys' fees and costs of suit pursuant to statutes (California Labor and Government Codes).

      12.      <u>Settlement and ADR</u>:

At Plaintiff's request, the parties engaged in a day-long mediated settlement negotiation prior to filing the lawsuit.  Based on that experience, Plaintiff is chary of further settlement negotiations with Defendants but will do so under satisfactory arrangements.  Defendants are willing to participate in a settlement conference with a Magistrate Judge after the conclusion of Plaintiff's deposition and the depositions of the key Actimagine witnesses involved in the negotiations with Plaintiff.

      13.      <u>Consent to Magistrate Judge For All Purposes</u>:

Defendants declined to proceed before a magistrate judge.

      14.      <u>Other References</u>:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  Defendants have conditionally asserted a right to arbitrate in the event that the parties are determined to have entered into an employment contract on the terms set forth in the unexecuted written agreement.

      15.      <u>Narrowing of Issues</u>:

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-7-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. CV 08-00497 MHP

1    The parties anticipate that certain facts regarding the sequencing of the parties'

2    negotiations and the authenticity of certain documents are likely to be narrowed by agreement

3    before trial.

4    16.    Expedited Schedule:

5    This matter is not appropriate for expedited scheduling.

6    17.    Scheduling:

7    The parties jointly request the following schedule:

8        a.    All fact discovery to be completed by:  November 1, 2008;

9        b.    Expert reports to be served by:  December 22, 2008;

10        c.    All expert discovery to be completed by:  January 23, 2009;

11        d.    Deadline to file dispositive motions:  January 13, 2009;

12        e.    Last day for hearing on dispositive motions:  February 17, 2009;

13        f.    Final pretrial conference:  March 2, 2009.

14        g.    Trial:  March 16, 2009

15    18.    Trial:

16    Both parties have requested a jury trial on all claims.  The parties expect a 4-day trial.

17    19.    Disclosure of Non-Party Interested Entities or Persons:

18    **For Plaintiff:**

19    **For Defendants:**  Other than Defendants Actimagine Corp. and GRP II L.P., the

20    following persons, firms, partnerships, corporations (including parent corporations) or other

21    entities are known to have either: (i) a financial interest (as defined in 28 U.S.C. § 455(d)) in the

22    subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that

23    could be substantially affected by the outcome of the proceeding:

24    **Actimagine:**  Actimagine's Directors are Brian McLoughlin, André Pagnac, Jérôme

25    Larrieu, Antonio Cavaliere, and Yves Sisteron.

26    **GRP II L.P.:**  GRPVC, L.P. (general partner); GRP Management Services Corp.

27    (manager).

28    Defendants have filed their Rule 3-16 Certification with the Court.

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-8-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. CV 08-00497 MHP

1    20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of

2    this matter.

3    None.

4

5    Dated:  June ___, 2008                              BRADLEY & PEDERSEN

6

7    _____/S/_____
                                                    Edwin Bradley
                                                    Attorneys for
8                                                   Plaintiff Olivier Vialaneix

9

10   Dated:  June 13, 2008            THELEN REID BROWN RAYSMAN & STEINER LLP

11

12   _____/S/_____
                                                    Ellen M. Papadakis
                                                    Attorneys for
13                             Defendants Actimagine Corp. and GRP II L.P.

14

15

16                              **CASE MANAGEMENT ORDER**

17        The Case Management Statement and Proposed Order is hereby adopted by the Court as

18   the Case Management Order for the case and the parties are ordered to comply with this Order.

19        In addition, the Court orders :

20

21

22

23        Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this

24   action.

25        IT IS SO ORDERED.

26   _____

27   By: Hon. Marilyn Hall Patel

28   Date: _____

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRADLEY &
PEDERSEN
ATTORNEYS AT LAW

-10-