1  EDWIN L. BRADLEY II (SBN 141932), edbradlawyer@yahoo.com
   BRADLEY & PEDERSEN
2  50 California Street, Suite 3500
   San Francisco, CA 94111
3  Telephone: (415) 434 3101
   Facsimile: (415) 434 6336
4  Attorneys for Plaintiff
   OLIVIER VIALANEIX
5

6  ROBERT A. DOLINKO (SBN 076256), radolinko@thelen.com
   ELLEN M. PAPADAKIS (SBN 186621), empapadakis@thelen.com
7  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, 18th Floor
8  San Francisco, CA 94105
   Telephone: (415) 371-1200
9  Facsimile: (415) 371-1211

10 Attorneys for Defendants
   ACTIMAGINE CORP. AND GRP II L.P.
11

12                    UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15 OLIVIER VIALANEIX,                    Case No. CV 08- 00497 MHP

16              Plaintiff,               **STIPULATED PROTECTIVE ORDER**

17      v.

18 ACTIMAGINE, INC.; GRP PARTNERS,
    and DOES ONE through TEN, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

1  **1.    PURPOSES AND LIMITATIONS**

2      Disclosure and discovery activity in this action are likely to involve production of

3  confidential, proprietary, or private information for which special protection from public

4  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7  all disclosures or responses to discovery and that the protection it affords extends only to the

8  limited information or item that are entitled under the applicable legal principles to treatment as

9  confidential.   The parties further acknowledge, as set forth in Section 3.4, below, that this

10 Stipulated Protective Order creates no entitlement to file confidential information under seal;

11 Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

12 that will be applied when a party seeks permission from the court to file material under seal.

13 **2.    DEFINITIONS**

14     2.1    "THIS LITIGATION" means the above captioned action.

15     2.2    "PARTY" means any party to THIS LITIGATION and includes that party's

16 officers, employees, former employees and attorneys to the extent they are or were involved in

17 matters pertaining to THIS LITIGATION.

18     2.3    "PRODUCED MATERIAL" means documents, testimony or information, and any

19 other information that can be derived therefrom, whether oral or written, produced by any

20 PARTY.

21     2.4    "CONFIDENTIAL MATERIAL" means any PRODUCED MATERIAL that is

22 designated as confidential and that qualifies for protection under the standards developed under

23 Fed. R. Civ. P. 26(c).   CONFIDENTIAL MATERIAL shall include all such PRODUCED

24 MATERIAL, whether disclosed during interviews, depositions, court proceedings, settlement

25 discussions, in the production of tangible evidence, testimony or other discovery responses,

26 objection to discovery, or otherwise.  CONFIDENTIAL MATERIAL includes material filed under

27 seal in THIS LITIGATION.

28

2.5    "PRIVILEGED MATERIAL" means any material that is protected from disclosure to any other person.  PRIVILEGED MATERIAL includes material protected from disclosure by the attorney-client communications privilege, the attorney-work-product doctrine, the litigation-preparation doctrine and any or recognized privilege, all to the extent recognized by this Court.

2.6    "PRODUCING PARTY" means any PARTY or non-party that produces any CONFIDENTIAL MATERIAL to any RECEIVING PARTY or other recipient.

2.7    "RECEIVING PARTY" means any PARTY that receives CONFIDENTIAL MATERIAL.

2.8    "DESIGNATING PARTY" means any PARTY or non-party that designates the PRODUCED MATERIAL of a PRODUCING PARTY as the DESIGNATING PARTY'S CONFIDENTIAL MATERIAL.

**3.    DESIGNATION OF CONFIDENTIAL MATERIAL**

3.1    Scope of Designations.    Any PRODUCING PARTY may designate its own PRODUCED MATERIAL as CONFIDENTIAL MATERIAL.  A DESIGNATING PARTY may also designate the PRODUCED MATERIAL of a PRODUCING PARTY as CONFIDENTIAL MATERIAL if said PRODUCED MATERIAL constitutes the CONFIDENTIAL MATERIAL of the DESIGNATING PARTY.

3.2    Procedure for Designation.  A PRODUCING PARTY or DESIGNATING PARTY shall designate material as CONFIDENTIAL MATERIAL in the following manner:

(a)    Documents.    Regarding    documents,    by    stamping    the    word "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on each and every page of the document.

(b)    Electronic Documents.  Regarding documents contained or produced in electronic or digital optical media (such as hard drives and DVDs), by stamping the word "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the cover of the electronic medium or by some other appropriate means.

(c)     <u>Deposition Testimony</u>.

(i)     Regarding deposition testimony taken in connection with this LITIGATION, before the close of the deposition, a PARTY or non-party by designating any portion of the testimony or any exhibit marked during the testimony as containing CONFIDENTIAL MATERIAL on the record.

(ii)    When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, a PARTY or non-party may invoke on the record (before the deposition is concluded) a right to have up to thirty days of the date on which a final transcript (excluding errata) is available from the court reporter to identify any specific portions of the testimony as to which protection is sought. Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portions of the transcript, by reference to specific pages and lines of the transcript, and exhibits that constitute or contain CONFIDENTIAL MATERIAL and are to be marked as such in accordance with the provisions of this Protective Order. All transcripts of depositions shall be treated as CONFIDENTIAL MATERIAL during this thirty day period.

(iii)   Within thirty days of the date on which a final transcript (excluding errata) of a deposition is available from the court reporter, a PARTY or non-party that believes the transcript contains CONFIDENTIAL MATERIAL may identify the specific portions of the testimony as to which it is claiming protection. Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portions of the transcript, by reference to

1    specific pages and lines of the transcript, and exhibits that constitute

2    or contain CONFIDENTIAL MATERIAL and are to be marked as

3    such in accordance with the provisions of this Protective Order.

4        (d)    <u>Hearing Transcripts</u>.

5            (i)    Regarding pretrial or trial proceedings in connection with this

6    LITIGATION, before the proceeding is concluded, a PARTY or

7    non-party by designating any portion of the testimony or any exhibit

8    marked during the testimony as containing CONFIDENTIAL

9    MATERIAL on the record.

10            (ii)    When it is impractical to identify separately each portion of

11    testimony that is entitled to protection, and when it appears that

12    substantial portions of the testimony may qualify for protection, a

13    PARTY or non-party may invoke on the record (before the

14    proceeding is concluded) a right to have up to thirty days of the date

15    on which a final transcript is available from the court reporter to

16    identify any specific portions of the testimony as to which protection

17    is sought. Notice of such designation shall be made in writing to the

18    court reporter with copies to all other counsel, specifying the

19    portions of the transcript, by reference to specific pages and lines of

20    the transcript, and exhibits that constitute or contain

21    CONFIDENTIAL MATERIAL.

22            (iii)    Within thirty days of the date on which a final transcript of a pretrial

23    or trial proceeding is available from the court reporter, a PARTY or

24    non-party that believes the transcript contains CONFIDENTIAL

25    MATERIAL may identify the specific portions of the testimony as

26    to which it is claiming protection. Notice of such designation shall

27    be made in writing to the court reporter, with copies to all other

28    counsel, specifying the portions of the transcript, by reference to

specific pages and lines of the transcript, and exhibits that constitute or contain CONFIDENTIAL MATERIAL.

(iv)   All copies of the hearing transcripts that contain material designated as CONFIDENTIAL MATERIAL shall be prominently marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the cover of the first page thereof and all material used during such hearings that contain material designated as CONFIDENTIAL MATERIAL shall be so designated by marking it "CONFIDENTIAL". With respect to multi-page documents that contain CONFIDENTIAL MATERIAL, the designation may be made by marking only the first page thereof "CONFIDENTIAL" so long as such multi-page documents are securely bound.

(e)   Copies of Confidential Material. All copies of CONFIDENTIAL MATERIAL made by a recipient thereof shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" by the recipient.

3.3   Inspection of Documents Before or in Lieu of Copying. Notwithstanding the preceding paragraph, the act of making material available for inspection or copying to any recipient thereof shall not constitute a waiver of the right to assert that the material is entitled to be designated as CONFIDENTIAL MATERIAL. Once the recipient selects documents for copying, the PRODUCING PARTY may then review those documents and designate CONFIDENTIAL MATERIAL as provided above. During the interim, the recipient shall treat all such material as CONFIDENTIAL MATERIAL.

3.4   Filing of Confidential Materials Under Seal. If any CONFIDENTIAL MATERIAL is used or disclosed in any court filing in THIS LITIGATION, such document shall be filed under seal with the following legend "FILED UNDER SEAL in accordance with the Protective Order entered by the United States District Court for the Northern District of California, Case

No. C-08-00497-MHP"  A Party that seeks to file under seal any CONFIDENTIAL MATERIAL must comply with Civil Local Rule 79-5.

3.5    Good Faith.    The designation of any PRODUCED MATERIAL as CONFIDENTIAL pursuant to the terms of this Protective Order will be done in good faith by the PRODUCING PARTY or the DESIGNATING PARTY.  Reasonable approximations of the above-stated legends and designations shall be given the same protection as the above-stated legends and designations.

**4.    PROTECTION OF CONFIDENTIALITY**

4.1    Permissible Use of Confidential Material.  Except as otherwise expressly provided herein, CONFIDENTIAL MATERIAL shall be used by a recipient thereof solely for purposes of prosecuting or defending THIS LITIGATION and not for any unrelated business, commercial or other purpose.

4.2    Maintain Confidentiality.  Except as otherwise expressly provided herein, (1) all CONFIDENTIAL MATERIAL shall be held and maintained under strict confidence by the recipient thereof and (2) no recipient of CONFIDENTIAL MATERIAL may disclose that CONFIDENTIAL MATERIAL to any other party.

4.3    Permitted Recipients.  CONFIDENTIAL MATERIAL may not be disclosed by a RECEIVING PARTY to any person other than:

(a)    the PARTIES;

(b)    counsel for the PARTIES having responsibility for this action and their legal associates, paralegals and clerical support staff or services;

(c)    court reporters to the extent they are involved in the recording of a deposition or other testimony in THIS LITIGATION;

(d)    the Court and its personnel;

(e)    any jury convened in connection with THIS LITIGATION;

(f)    experts or consultants (including their associates, employees and/or support staff) retained by a PARTY in connection with THIS LITIGATION;

1   (g)   witnesses to whom it is necessary to disclose CONFIDENTIAL

2         MATERIAL for purposes of prosecuting or defending THIS LITIGATION,

3         provided that disclosure made pursuant to this provision shall be made only

4         during the witness's testimony and in preparation therefor, and only to the

5         extent necessary for testimony or preparation for testimony;

6   (h)   instrumentalities of the United States, a State, or subdivision thereof, to

7         which a PARTY has a legal duty to provide the information disclosed;

8   (i)   special masters or mediators appointed by the Court in this action;

9   (j)   other people as required by prior court order;

10  (k)   appropriate employees of and representatives of auditors, insurers,

11        reinsurers, reinsurance intermediaries, and retrocessionaires;

12  (l)   employees of companies providing photocopying, printing and binding,

13        computer input assistance, or like services; and

14  (m)   any other person that the PRODUCING PARTY agrees to in writing.

15        4.4    Procedure for Disclosure.    Before a RECEIVING PARTY discloses any

16  CONFIDENTIAL MATERIAL to any person described in subparagraphs 4.3(f) through (j), such

17  person must first be provided with a copy of this Protective Order, which he or she shall read and

18  upon reading shall sign a certification, in the form annexed hereto as Exhibit A, acknowledging

19  that he or she has read the Protective Order and shall abide by its terms.  Others receiving such

20  CONFIDENTIAL MATERIAL shall be advised of this Protective Order and instructed to keep the

21  testimony confidential.

22        4.5    Record of Disclosures.  A RECEIVING PARTY shall create and maintain a file of

23  all written certifications by persons who have read this Protective Order and agreed in writing to

24  be bound by its terms.  Said file shall be made available for inspection by the Court in camera

25  upon request by the PRODUCING PARTY or the DESIGNATING PARTY and order by the

26  Court.

27        4.6    Obligation of Recipients.  Persons who receive CONFIDENTIAL MATERIAL by

28  virtue of their involvement in THIS LITIGATION shall take reasonable and necessary steps to

1    assure the security of any such CONFIDENTIAL MATERIAL and shall limit access to

2    CONFIDENTIAL MATERIAL to only those parties listed in paragraph 4.3 of this Protective

3    Order.  All such recipients of CONFIDENTIAL MATERIAL shall remain under a continuing

4    duty to protect that CONFIDENTIAL MATERIAL from disclosure to any party that is not

5    qualified to receive it pursuant to paragraph 4.3 herein.

6        4.7    Request for Permission To Disclose.    Any recipient of CONFIDENTIAL

7    MATERIAL may request permission to disclose CONFIDENTIAL MATERIAL to a person other

8    than those qualified to receive it under paragraph 4.3 by serving written request on PRODUCING

9    PARTY.  The PRODUCING PARTY or DESIGNATING PARTY shall have thirty days from the

10   date of receipt of such notice to object to the requested disclosure of the CONFIDENTIAL

11   MATERIAL, during which time the CONFIDENTIAL MATERIAL shall not be disclosed.  If

12   there is an objection, the CONFIDENTIAL MATERIAL shall not be disclosed until the objection

13   has been resolved either by this Court or through the agreement of the parties involved. The

14   burden of persuasion in any motion shall be on the recipient of the CONFIDENTIAL

15   MATERIAL,

16       4.8    Obligations When Recipient Served with Subpoenas.  In the event any recipient of

17   CONFIDENTIAL MATERIAL is served with a subpoena or other notice compelling the

18   production of any CONFIDENTIAL MATERIAL in another action, the recipient is obligated to

19   give written notice of such subpoena or other notice as soon as possible to the PRODUCING

20   PARTY or DESIGNATING PARTY, in writing (by fax, if possible).  Upon receiving such

21   subpoena or notice, the recipient must immediately inform in writing the Party who caused the

22   subpoena or notice to issue in the other litigation that some or all the material covered by the

23   subpoena or notice is the subject of this Protective Order.  The purpose of imposing these duties is

24   to alert the interested parties to the existence of this Protective Order and to afford the

25   PRODUCING PARTY or DESIGNATING PARTY in this case an opportunity to try to protect its

26   confidentiality interests in the court from which the subpoena or order issued.  The party receiving

27   the subpoena or notice shall object to the production of any CONFIDENTIAL MATERIAL, citing

28   to this Protective Order.  In the event that a response to a motion to compel, motion for protective

1  order or similar pleading is required to preserve the confidentiality of the subpoenaed documents,

2  the PRODUCING PARTY or DESIGNATING PARTY shall bear the burden to prepare and

3  submit such pleading.

4  **5.    OBJECTIONS TO THE DESIGNATION OF MATERIAL AS CONFIDENTIAL**

5     5.1    Meet and Confer.  All parties, including the PARTIES and any other recipients of

6  CONFIDENTIAL MATERIAL, shall negotiate in good faith any disputes regarding the

7  designation of material as CONFIDENTIAL MATERIAL before making any motion relating

8  thereto.  All such parties shall maintain the confidentiality of such material until the issue is

9  resolved.

10     5.2    Judicial Intervention.  A PARTY that elects to press a challenge to a confidentiality

11  designation may file and serve a motion under Civil Local Rule 7 (and in compliance with

12  Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail

13  the basis for the challenge.  Each such motion must be accompanied by a competent declaration

14  that affirms that the movant has complied with the meet and confer requirements imposed in the

15  preceding paragraph and that sets forth with specificity the justification for the confidentiality

16  designation that was given by the PRODUCING PARTY or DESIGNATING PARTY in the meet

17  and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the

18  PRODUCING PARTY or DESIGNATING PARTY.  Until the court rules on the challenge, all

19  parties shall continue to afford the material in question the level of protection to which it is

20  entitled under the PRODUCING PARTY or DESIGNATING PARTY'S designation.

21  **6.    INADVERTENT DISCLOSURE**

22     6.1    No Waiver.    If timely corrected, an inadvertent failure to designate

23  CONFIDENTIAL MATERIAL as such does not, standing alone, waive the PRODUCING PARTY

24  or DESIGNATING PARTY'S right to secure protection under this Order for such material.

25     6.2    Procedure for Inadvertently Produced Confidential Material.  All requests to return

26  inadvertently produced CONFIDENTIAL MATERIAL shall be in writing.  In the case of

27  inadvertently produced CONFIDENTIAL MATERIAL, the PRODUCING PARTY must at its

28  own expense re-produce the CONFIDENTIAL MATERIAL with appropriate labels identifying it

1  as CONFIDENTIAL MATERIAL whereupon each recipient of the CONFIDENTIAL

2  MATERIAL shall return or destroy all copies thereof that do not contain labels identifying it as

3  CONFIDENTIAL MATERIAL.

4  **7.    RIGHTS NOT AFFECTED**

5         7.1    Privileged Material.  Nothing herein shall be deemed to require production in THIS

6  LITIGATION of PRIVILEGED MATERIAL.  Any PARTY may object to any discovery request

7  on the ground that it required production or disclosure of PRIVILEGED MATERIAL, and the

8  Court shall resolve issues relating to such assertion in accordance with procedures established by

9  the Court.

10        7.2    Scope of Privileges.  Except as expressly provided above regarding inadvertent

11 production of PRIVILEGED MATERIAL, nothing herein shall affect or modify the scope, subject

12 matter or type of material as to which a claim of privilege can be asserted.

13        7.3    Use of Privileged Material by Producing Party.  Nothing herein shall prevent any

14 PRODUCING PARTY from using or disclosing its own material in any manner that it sees fit.

15        7.4    Substantive Rights.  Nothing herein shall be construed to waive, alter, or modify

16 any party's substantive rights under applicable law to object to the production or admissibility of

17 documents or information sought in discovery whether on relevance grounds or otherwise.

18        7.5    Additional Protection.    Nothing herein shall prejudice the right of any

19 PRODUCING PARTY to apply to the Court for additional protection including the right to

20 request permission to file documents under seal.

21        7.6    Independently Obtained Material.  Nothing herein shall affect the right or ability of

22 any recipient of CONFIDENTIAL MATERIAL to disclose material it obtains from a source

23 outside THIS LITIGATION.

24 **8.    BREACH**

25        8.1    Violation of This Order.  In the event of an intentional violation of this Protective

26 Order by any of the PARTIES or other recipients of CONFIDENTIAL MATERIAL, the

27 offending PARTY or recipient of CONFIDENTIAL MATERIAL may be punished for contempt

28 or such other appropriate sanction as determined in the Court's discretion.

**9.    SCOPE**

9.1    <u>Order Survives the Termination of This Action</u>.    This Order shall survive the termination of this action and continue in full force and effect thereafter except that a PARTY may seek the written permission of the PRODUCING PARTY or DESIGNATING PARTY or further order of the Court with respect to dissolution or modification of this Protective Order.  The Court shall retain jurisdiction to enforce or modify this Protective Order.

9.2    <u>Order Applies to Discovery</u>.  This Protective Order applies to the procedures for production and use of CONFIDENTIAL MATERIAL during the pretrial and discovery stages of this action.

9.3    <u>Order Does Not Apply to Trial</u>.  Absent further order of this Court, this Protective Order shall not apply to trial proceedings and shall not be construed to waive or limit in any way any party's right to a public trial.  The Court and the PARTIES shall, at a later date, consider and adopt rules regarding the use of CONFIDENTIAL MATERIAL at trial.  Any PARTY may move for a protective order before or at open court proceedings or may request guidance from the Court as to treatment of CONFIDENTIAL MATERIAL during open court proceedings.

9.4    <u>Subsequently Joined Parties</u>.    Any party first making an appearance in THIS LITIGATION following the execution of this Protective Order shall be bound by the terms hereof. Notwithstanding the foregoing, any subsequently added party may apply to this Court for different protection than that provided herein, which this Court may grant using its own discretion upon a showing of good cause.

1

2        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3   Dated:  July 14, 2008                   BRADLEY & PEDERSEN

4

5                     By:        /s/
                               EDWIN M. BRADLEY

6                                 Attorneys for Plaintiff
                               OLIVIER VIALANEIX

7

8   Dated:  July 15, 2008                   THELEN REID BROWN RAYSMAN
                               & STEINER LLP

9

10                    By:        /s/
                               ELLEN M. PAPADAKIS

11                               Attorneys for Defendants
                               ACTIMAGINE CORP. and

12                               GRP II L.P.

13

14

15        PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17   DATED:__July 17, 2008_____

18                            Hon. MARILYN HALL PATEL
                            United States D...

19

20

21

22

23

24

25

26

27

28

THELEN REID
& PRIEST LLP     STIPULATED PROTECTIVE ORDER
                  Case No.: CV 08- 00497 MHP                       -12-
                  SF #1519012 v1

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3        I, _____ [print or type full name], of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on _____**[date]** in the case of *OLIVIER*

7    *VIALANEIX v. ACTIMAGINE, INC.* et al., Case No. C08- 00497 MHP.  I agree to comply with

8    and to be bound by all the terms of this Stipulated Protective Order and I understand and

9    acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt.  I solemnly promise that I will not disclose in any manner any information or item

11   that is subject to this Stipulated Protective Order to any person or entity except in strict

12   compliance with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number] as my

18   California agent for service of process in connection with this action or any proceedings related to

19   enforcement of this Stipulated Protective Order.

20

21   Date:_____

22   City and State where sworn and signed:_____

23   Printed name:_____
                              [printed name]
24

25   Signature:_____
                              [signature]
26

27

28

**ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER**

**IN C 08-0497 MHP** *Olivier Vialaneix -v- Actimagine Inc et al*

The above (attached) stipulation re confidentiality is approved except as follows:

1)      Counsel shall narrowly tailor the documents, materials or papers that come within this order

2)      As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a <u>compelling</u> need for confidentiality.

3)      Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court.  The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly.  Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4)      Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated:  July 17, 2008                    _____

                                         Marilyn Hall Patel
                                         United States District Court Judge