1  ROBERT A. DOLINKO, CA BAR NO. 076256, radolinko@thelen.com
   ELLEN M. PAPADAKIS, CA BAR NO. 186621, empapadakis@thelen.com
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
3  San Francisco, California 94105-3606
   Telephone:  (415) 371-1200
4  Facsimile:  (415) 371-1211

5  Attorneys for Defendant
   ACTIMAGINE CORP. and GRP II L.P.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12 OLIVIER VIALANEIX,                    Case No.:  CV 08-0497 MHP

13                 Plaintiff,

14        vs.                            DEFENDANT ACTIMAGINE
                                         CORPORATION'S ANSWER TO
15 ACTIMAGINE CORP. and GRP II L.P.      PLAINTIFF'S FIRST AMENDED
                                         COMPLAINT
16                 Defendants.           DEMAND FOR JURY TRIAL

17

18        Comes now Defendant ACTIMAGINE CORPORATION (hereinafter "Actimagine" or

19 "Defendant") in answer to Plaintiff's First Amended Complaint for Damages ("Complaint"),

20 states and alleges as follows:

21        1.    Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information

22 and belief to enable it to respond to the allegations contained within Paragraph 1, and therefore

23 denies each and every allegation contained therein.

24        2.    Answering Paragraph 2 of the Complaint, Defendant admits that Actimagine is a

25 corporation authorized to do business and doing business in the State of California, and that

26 GRP II L.P. is a limited partnership with its principal place of business in Los Angeles, California.

27 Except as so admitted, the allegations contained therein are denied.

28 ///

3.      Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a citizen of a foreign state (i.e., country), that Defendants are citizens of the United States, that there is complete diversity of citizenship, that the amount in controversy is in excess of $75,000, and that jurisdiction and venue are proper in this Court.  Except as so admitted, the allegations contained therein are denied.

4.      Answering Paragraph 4 of the Complaint, the allegations contained therein are denied.

5.      Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 5, and therefore denies each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, the allegations contained therein are denied.

7.      Answering Paragraph 7 of the Complaint, the allegations contained therein are denied.

8.      Answering Paragraph 8 of the Complaint, the allegations contained therein are denied.  Further, Defendant avers that it never hired Plaintiff subject to the contract he describes and that it informed him on or about June 14, 2007 that it would not employ him as its Chief Financial Officer.

9.      Answering Paragraph 9 of the Complaint, the allegations contained therein are denied.

10.      Answering Paragraph 10 of the Complaint, the allegations contained therein are denied.

11.      Answering Paragraph 11 of the Complaint, the allegations contained therein are denied.

12.      Answering Paragraph 12 of the Complaint, Defendant incorporates by reference paragraphs 1 through 11 of this Answer as though set forth in full.

13.      Answering Paragraph 13 of the Complaint, the allegations contained therein are denied.

14.     Answering Paragraph 14 of the Complaint, the allegations contained therein are denied.

15.     Answering Paragraph 15 of the Complaint, the allegations contained therein are denied.

16.     Answering Paragraph 16 of the Complaint, the allegations contained therein are denied.

17.     Answering Paragraph 17 of the Complaint, the allegations contained therein are denied.

18.     Answering Paragraph 18 of the Complaint, Defendant incorporates by reference paragraphs 1 through 17 of this Answer as though set forth in full.

19.     Answering paragraph 19 of the Complaint, Defendant admits that GRP II L.P. is and was separate and distinct from Actimagine, has a close business relationship with Actimagine, involves a close degree of communication and trust, and has a financial interest in Actimagine. Except as so admitted, Defendant denies each and every remaining allegation of that paragraph.

20.     Answering Paragraph 20 of the Complaint, the allegations contained therein are denied.

21.     Answering Paragraph 21 of the Complaint, the allegations contained therein are denied.

22.     Answering Paragraph 22 of the Complaint, the allegations contained therein are denied.

23.     Answering Paragraph 23 of the Complaint, the allegations contained therein are denied.

24.     Answering Paragraph 24 of the Complaint, the allegations contained therein are denied.

25.     Answering Paragraph 25 of the Complaint, the allegations contained therein are denied.

26.     Answering Paragraph 26 of the Complaint, the allegations contained therein are denied.

27.    Answering Plaintiff's unnumbered "WHEREFORE" prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state facts sufficient to constitute claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

While Defendant denies it employed Plaintiff, if it is somehow concluded that Plaintiff was employed by Defendant, Plaintiff's employment was terminable-at will pursuant to Section 2922 of the California Labor Code.

**THIRD AFFIRMATIVE DEFENSE**

To whatever extent Plaintiff allegedly is subject to an employment agreement with Defendant, Plaintiff has failed to perform his obligations thereunder.

**FOURTH AFFIRMATIVE DEFENSE**

Any actions Defendant undertook that are the subject of the complaint were justified and that the Plaintiff's complaint is therefore barred.

**FIFTH AFFIRMATIVE DEFENSE**

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was reasonably and properly based on legitimate business reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate his purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

1

## SEVENTH AFFIRMATIVE DEFENSE

2       Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by

3   the doctrines of waiver, unclean hands and/or estoppel.

4

## EIGHTH AFFIRMATIVE DEFENSE

5       Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by

6   Plaintiff's failure to invoke and/or exhaust administrative and/or contractual remedies (if any

7   contract between the parties is deemed to exist).

8

## NINTH AFFIRMATIVE DEFENSE

9       Defendant alleges, based on information and belief, that to the extent Plaintiff seeks

10   unspecified punitive damages, such claim and damages are contrary to the due process clauses and

11   other clauses of the U.S. and California Constitutions.

12       WHEREFORE, Defendant prays for the following relief:

13   1.       That Plaintiff's Complaint be dismissed in its entirety;

14   2.       For attorneys' fees, costs of suit herein; and

15   3.       For such other and further relief as the court deems just and proper.

16   Dated: July 23, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP

17                                       By      /s/ Ellen M. Papadakis
                                                 Robert A. Dolinko
18                                               Ellen M. Papadakis
                                                 Attorneys for Defendants
19                                               ACTIMAGINE CORP. and GRP II L.P.

20       Defendant hereby demands trial by jury.

21   Dated: July 23, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP

22                                       By      /s/ Ellen M. Papadakis
23                                               Robert A. Dolinko
                                                 Ellen M. Papadakis
24                                               Attorneys for Defendants
                                                 ACTIMAGINE CORP. and GRP II L.P.

25

26

27

28

ACTIMAGINE CORP.'S ANSWER TO FIRST AMENDED COMPLAINT