ROBERT A. DOLINKO, CA BAR NO. 076256, radolinko@thelen.com
ELLEN M. PAPADAKIS, CA BAR NO. 186621, empapadakis@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3606
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendants
ACTIMAGINE CORP. and GRP II L.P.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIER VIALANEIX,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ACTIMAGINE CORP. and GRP II L.P.<br><br>　　　　　Defendants. | Case No.: CV 08-0497 MHP<br><br>**DEFENDANT GRP II L.P.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Comes now Defendant GRP II L.P. (hereinafter ("GRP" or "Defendant"), in answer to Plaintiff's First Amended Complaint for Damages ("Complaint"), states and alleges as follows:

　　　1.　　Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information and belief to enable it to respond to the allegations contained within Paragraph 1, and therefore denies each and every allegation contained therein.

　　　2.　　Answering Paragraph 2 of the Complaint, Defendant admits that Actimagine Corp. ("Actimagine") is a corporation authorized to do business and doing business in the State of California, and that GRP is a limited partnership with its principal place of business in Los Angeles, California. Except as so admitted, the allegations contained therein are denied.

　　　3.　　Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a citizen of a foreign state (i.e., country), that Defendants are citizens of the United States, that there

1  is complete diversity of citizenship, that the amount in controversy is in excess of $75,000, and
2  that jurisdiction and venue are proper in this Court.  Except as so admitted, the allegations
3  contained therein are denied.

4      4.    Answering Paragraph 4 of the Complaint, the allegations contained therein are
5  denied.

6      5.    Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information
7  and belief to enable it to respond to the allegations contained within Paragraph 6, and therefore
8  denies each and every allegation contained therein.

9      6.    Answering Paragraph 6 of the Complaint, the allegations contained therein are
10  denied.

11      7.    Answering Paragraph 7 of the Complaint, Defendant lacks sufficient information
12  and belief to enable it to respond to the allegations contained within Paragraph 7, and therefore
13  denies each and every allegation contained therein.

14      8.    Answering Paragraph 8 of the Complaint, the allegations contained therein are
15  denied.

16      9.    Answering Paragraph 9 of the Complaint, Defendant lacks sufficient information
17  and belief to enable it to respond to the allegations contained within Paragraph 10, and therefore
18  denies each and every allegation contained therein.

19      10.    Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information
20  and belief to enable it to respond to the allegations contained within Paragraph 10, and therefore
21  denies each and every allegation contained therein.

22      11.    Answering Paragraph 11 of the Complaint, the allegations contained therein are
23  denied.

24      12.    Answering Paragraph 12 of the Complaint, Defendant incorporates by reference
25  paragraphs 1 through 11 of this Answer as though set forth in full.

26      13.    Answering Paragraph 13 of the Complaint, Defendant lacks sufficient information
27  and belief to enable it to respond to the allegations contained within Paragraph 14, and therefore
28  denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, the allegations contained therein are denied.

15. Answering Paragraph 15 of the Complaint, the allegations contained therein are denied.

16. Answering Paragraph 16 of the Complaint, the allegations contained therein are denied.

17. Answering Paragraph 17 of the Complaint, the allegations contained therein are denied.

18. Answering Paragraph 18 of the Complaint, Defendant incorporates by reference paragraphs 1 through 17 of this Answer as though set forth in full.

19. Answering paragraph 19 of the Complaint, Defendant admits it has made a relatively substantial investment in Actimagine, that it is separate and distinct from Actimagine, that two Actimagine Board members were selected by GRP II L.P., and that there is some communication between those Board members and Actimagine.  Except as so admitted, Defendant denies each and every remaining allegation of that paragraph.  Defendant also objects to the term "unity of interest" which it finds vague and ambiguous.

20. Answering Paragraph 20 of the Complaint, the allegations contained therein are denied.

21. Answering Paragraph 21 of the Complaint, the allegations contained therein are denied.

22. Answering Paragraph 22 of the Complaint, the allegations contained therein are denied.

23. Answering Paragraph 23 of the Complaint, the allegations contained therein are denied.

24. Answering Paragraph 24 of the Complaint, the allegations contained therein are denied.

25. Answering Paragraph 25 of the Complaint, the allegations contained therein are denied.

26. Answering Paragraph 26 of the Complaint, the allegations contained therein are denied.

27. Answering Plaintiff's unnumbered "WHEREFORE" prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to a claim upon which relief against Defendant can be granted.

### SECOND AFFIRMATIVE DEFENSE

While Defendant denies Actimagine employed Plaintiff, if it is somehow concluded that Plaintiff was employed by Actimagine, Plaintiff's employment was terminable at will consistent with Section 2922 of the California Labor Code.

### THIRD AFFIRMATIVE DEFENSE

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was privileged under Cal. Civ. Code Section 47(c).

### FOURTH AFFIRMATIVE DEFENSE

To whatever extent Plaintiff allegedly is subject to an employment agreement with Actimagine, Plaintiff has failed to perform his obligations thereunder.

### FIFTH AFFIRMATIVE DEFENSE

Any actions Actimagine or Defendant undertook that are the subject of the complaint were justified and that the Plaintiff's complaint is therefore barred.

### SIXTH AFFIRMATIVE DEFENSE

While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if it is determined that any such conduct is legally attributable to Defendant, Defendant alleges that the conduct was reasonably and properly based on legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and

belief, that Plaintiff has failed to mitigate his purported damages, and Defendant further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by the doctrines of waiver, unclean hands and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred by Plaintiff's failure to invoke and/or exhaust administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the U.S. and California Constitutions.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety;
2. For attorneys' fees, costs of suit herein; and
3. For such other and further relief as the court deems just and proper.

Dated: July 23, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP

By      /s/ Ellen M. Papadakis
        Robert A. Dolinko
        Ellen M. Papadakis
        Attorneys for Defendants
        ACTIMAGINE CORP. and GRP II L.P.

Defendant hereby demands trial by jury.

Dated: July 23, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP

By      /s/ Ellen M. Papadakis
        Robert A. Dolinko
        Ellen M. Papadakis
        Attorneys for Defendant
        ACTIMAGINE CORP. and GRP II L.P.